IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| VILMA MOLINA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:21-CV-290-MJT-CLS |
| | § | |
| ETECH GLOBAL SERVICES LLC, ETECH | § | |
| TEXAS LLC, ETECH INC., | § | |
| NACOGDOCHES CENTER LLC, and | § | |
| MATTHEW F. ROCCO, | § | |
| | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Civ. R. 72. Pending before the court is Defendants' Motion to Dismiss. (Doc. # 12.) After review, the undersigned recommends that the motion to dismiss be granted in part and denied in part.

### I.  Plaintiff's Claims and Procedural History

Plaintiff Vilma Molina, proceeding *pro se*, filed this action on November 24, 2021, against Defendants alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. (Doc. #1 at ¶ 9.) Plaintiff alleges discrimination claims under these statutes based on her national origin and retaliation claims against Defendants Etech Global Services LLC, Etech Texas LLC, Etech Inc., Nacogdoches Center LLC ("Corporate Defendants"), and Matthew Rocco ("Rocco"). (Doc. #1 at ¶ 8.)

On June 2, 2022, Defendants filed a Motion to Dismiss Plaintiff's claims in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  (Doc. #12.)  Defendants argue the following in their Motion to Dismiss: (1) Plaintiff has failed to state a claim under Title VII against Rocco because that statute does not provide liability for individuals; (2) Plaintiff has failed to state a claim under 42 U.S.C. § 1981 against Rocco because she has not pleaded facts alleging that he is "essentially the same" as the employer; (3) Plaintiff has failed to state a claim under Title VII against the Corporate Defendants because she does not allege that she is a member of a protected class and, further, does not plead sufficient facts to show other elements of her discrimination and retaliation claims; and (4) Plaintiff has failed to state a claim under 42 U.S.C. § 1981 against the Corporate Defendants because she does not allege that she is a member of a protected class and, further, does not plead sufficient facts to show other elements of her discrimination and retaliation claims.  (Doc. #12.)  Plaintiff filed a timely response to Defendants' Motion to Dismiss on July 6, 2022.  (Doc. #19.)

**II.     Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To be plausible, the complaint's "[f]actual allegations must be enough to raise to relief above the speculative level."  *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).) "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiff's pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

### III. Plaintiff's Claims against Matthew Rocco

#### A. Title VII

Plaintiff alleges a claim under Title VII against Matthew Rocco in his individual capacity. (Doc. #1 at ¶¶3, 9.) However, individual employees are not liable under Title VII. *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999); *Grant v. Lone Star Co*, 21 F.3d 649, 652 (5th Cir. 1994)). Therefore, Plaintiff has failed to state a claim under Title VII against Rocco. Plaintiff's Title VII claim against Rocco should be dismissed.

B. <u>42 U.S.C. § 1981</u>

   1. *Plaintiff's complaint does not state a claim against Rocco under 42 U.S.C. § 1981*

Plaintiff additionally alleges a claim against Rocco under 42 U.S.C. § 1981. (Doc. #1 at ¶¶3, 9.) An individual can be liable under 42 U.S.C. § 1981 if that individual is "essentially the same" as the employer. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003) (citing *Felton v. Polles*, 315 F.3d 470, 481 (5th Cir. 2002)). An individual is "essentially the same" as the employer if they exercise control over employment decisions or managerial authority over the plaintiff. *Williams v. City of Richardson*, No. 3:16-CV-2944-L-BK, 2018 WL 5885540, at *3 (N.D. Tex. Aug. 15, 2018) (citing *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 863 (N.D. Tex. 2008)), *R. & R. adopted*, No. 3:16-CV-2944-L, 2018 WL 4269088, at *1 (N.D. Tex. Sept. 7, 2018). Generally, the individual must also have been personally involved in the discriminatory activity to be considered "essentially the same" as the employer. *Miller*, 541 F. Supp. at 863 (quoting *Hicks v. IBM*, 44 F. Supp. 2d 593, 594 (S.D.N.Y. 1999)).

Here, Plaintiff's complaint does not allege facts showing that Rocco is "essentially the same" as his employer, the Corporate Defendants. Therefore, Plaintiff has not stated a claim against Rocco. However, the undersigned finds that Plaintiff should be granted leave to amend her complaint to plead such facts for the reasons discussed *infra* § III.B.2.

The undersigned recommends that Defendants' Motion to Dismiss be conditionally denied as to Plaintiff's claim against Rocco under 42 U.S.C. § 1981. To maintain her claim against Rocco under 42 U.S.C. § 1981, Plaintiff must file an amended complaint alleging facts that show Rocco is "essentially the same" as the Corporate Defendants within fourteen (14) days of any order adopting this recommendation. If Plaintiff fails to file an amended complaint properly pleading such facts, Plaintiff's claim against Rocco under 42 U.S.C. § 1981 should be dismissed.

Plaintiff is only granted leave to amend her complaint in order to plead facts showing that Rocco is "essentially the same" as the Corporate Defendants within the meaning of 42 U.S.C. § 1981. Plaintiff is not granted leave to amend her complaint in any other capacity. Amendments to the complaint that exceed the scope of the leave granted by the undersigned, such as new claims or additional parties, should be stricken.

### 2. *Plaintiff should be granted leave to amend her complaint to plead a claim against Rocco under 42 U.S.C. § 1981*

A district court may not dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) (citations omitted) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without justification …is considered an abuse of discretion."); *Donnelly v. JPMorgan Chase Bank, N.A.,* No. H-15-1671, 2015 WL 6690257, at *2 (S.D. Tex. Oct. 16, 2015), *R. & R. adopted*, No. H-15-1671, 2015 WL 6701922 (S.D. Tex. Nov. 3, 2015).

However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally

insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

Here, the undersigned finds that leave to amend would not be futile, thus Plaintiff should be afforded an opportunity to plead a valid claim against Rocco under 42 U.S.C. § 1981. Accordingly, Plaintiff should file an amended complaint as instructed in *supra* § III.B.1.

**IV.    Plaintiff's Claims against the Corporate Defendants**

A. Title VII

Plaintiff alleges a claim against the Corporate Defendants under Title VII for national origin discrimination and retaliation. Defendants argue that Plaintiff's claim should be dismissed because she does not allege that she is a member of a protected class and, further, does not plead sufficient facts to show other elements of her discrimination and retaliation claims. The undersigned, accepting Plaintiff's factual allegations as true and giving Plaintiff's pleadings their most liberal construction, finds that the Plaintiff has pleaded a valid claim for national origin discrimination and retaliation under Title VII against the Corporate Defendants. Therefore, Defendants' Motion to Dismiss (doc. #12) should be denied as to Plaintiff's Title VII claims for discrimination and retaliation against the Corporate Defendants.

1. *Discrimination Claim*

To plead a discrimination claim under Title VII, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) other similarly situated employees were treated more favorably. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001)).

6

Here, Plaintiff has indicated in her complaint that she is alleging discrimination based on national origin. Although Plaintiff does not state her country of origin in her complaint, she clearly marked that she is alleging discrimination based on her national origin on the *pro se* complaint form that serves as her original complaint. (Doc. #1 at ¶8.) Liberally construed, this designation indicates that Plaintiff is alleging that the United States is not her country of origin, thus she is a member of this protected class. (Doc. #1 at ¶8.) Plaintiff further stated that she is alleging discrimination based on national original and that she is a member of this protected class in the narrative section of her *pro se* complaint (doc. #1 at ¶9), where she writes, "I met with Shelby Howell, PHR (Human Resource Manager) to complain about me being discriminated against on the basis of national origin, and how my national origin was the underlying reason why I was not being trained properly and was being treated in disparately [sic] with respect to my peers," and "I complained to [Howell] about discrimination on the basis of national origin." In her response to Defendants' Motion to Dismiss (doc. #19), Plaintiff also writes that she was "opposing her discrimination based on her national origin." Thus, the undersigned finds that (1) Plaintiff is alleging discrimination based on national origin, a protected class under Title VII, and (2) Plaintiff's complaint, liberally construed, pleads that she is a member of this protected class, thereby satisfying the first element of her Title VII discrimination claim.

Plaintiff has also shown that she was qualified for her position, satisfying the second element. Plaintiff writes in her complaint, "I was qualified for the position I had and was hired for," and "there was no reason for my demotion . . . as I was performing satisfactorily at the time of my demotion." (Doc. #1 at ¶9.) Broadly construed, these allegations satisfy the second element of her discrimination claim. Further, Plaintiff elaborates in her response to Defendants' Motion to Dismiss (doc. #19) that, before beginning her position with Defendants, she had worked at a similar position for over a year where she had received positive performance reviews, was "well qualified

for Etech's OCR position," and had a qualifying educational background. Therefore, the undersigned finds that Plaintiff has alleged she was qualified for her position with Defendants, meeting the second element of her discrimination claim.

Last, Plaintiff has met the third and fourth elements. Plaintiff states in her complaint that she was subject to several adverse employment actions, including refusal to train, demotion, and termination. (Doc. #1 at ¶9.) Plaintiff further states that she was treated less favorably than her similarly situated peers, who were not members of the protected class and were trained properly— in comparison, Plaintiff experienced harassment, and her supervisor refused to properly train her. (Doc. #1 at ¶9.)

Therefore, the undersigned finds that Plaintiff has sufficiently alleged facts in her complaint to satisfy the elements of her discrimination claim. Defendants' Motion to Dismiss (doc. #19) Plaintiff's Title VII discrimination claim against the Corporate Defendants should be denied.

2. *Retaliation*

To plead a retaliation claim under Title VII, Plaintiff must allege that: (1) she engaged in conduct protected by Title VII; (2) she suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015) (citing *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008)).

Here, Plaintiff alleges that she filed a complaint with her human resources department, reporting that she was experiencing "disparate treatment, harassment, and refusal to train" during the training for her position with Defendants. (Doc. #1 at ¶9.) Reporting this discrimination to her human resources department constitutes protected activity under Title VII. *See, e.g.*, *Dixon v. Moore Wallace, Inc.*, 236 Fed. App'x 936, 937 (5th Cir. 2007) (finding that the plaintiff engaged

in protected activity when she sent a letter to the human resources manager complaining of race discrimination). As discussed *supra* § IV.A.1, Plaintiff has also alleged that she suffered adverse employment actions, including demotion and termination. Thus, Plaintiff has met the first two elements of her retaliation claim.

Plaintiff has also successfully alleged that a causal connection exists between her reporting the discrimination and her demotion and termination. First, her complaint alleges that she was demoted, and ultimately terminated, within approximately a month of reporting the discrimination and just days after following up with human resources about the issue. (Doc. #1 at ¶9.) The temporal connection between Plaintiff's protected conduct and the adverse employment action she suffered is a significant factor courts consider when determining whether the causal link element is satisfied. *See, e.g.*, *Tejada v. Travis Ass'n for the Blind*, 617 Fed. App's 325, 328 (5th Cir. 2015) (citing *Nowlin v. Resolution Tr. Corp.*, 33 F.3d 498, 508 (5th Cir. 1994)); *see also Jenkins v. Orkin Exterminating Co.*, 646 F. Supp. 1274, 1278 (E.D. Tex. 1984) (concluding that the plaintiff would not have been terminated "but for" his protected activity based on, *inter alia*, the proximity in time between the termination and the protected activity).

While temporal proximity alone may be insufficient to satisfy but-for causation in retaliation claims, temporal proximity combined with "a dispute of facts leading up to termination, disparate treatment of a similarly situated employee, harassment from a supervisor following the protected activity," and other factors, is enough. *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571 (5th Cir. 2020). As discussed *supra* § IV.A.1, Plaintiff has alleged facts showing disparate treatment of similarly situated employees. Additionally, reading her complaint broadly, Plaintiff has alleged that she faced harassment from a supervisor after she reported the discrimination. Specifically, Plaintiff writes that her initial "demotion" was improperly construed as a "layoff," an even more adverse employment action than a demotion. (Doc. #1 at ¶9.) Plaintiff further writes

9

that she was demoted and terminated even though she was performing satisfactorily at the time—thus, there was no legitimate reason for the adverse employment action, indicating the true cause was her decision to report the discrimination to human resources. (Doc. #1 at ¶9.) Plaintiff also received "multiple different reasons" for her layoff that she alleges were merely a "pretext." (Doc. #1 at ¶9.) Taken together and construed liberally, these claims sufficiently allege that Plaintiff's decision to report the discrimination she was experiencing to human resources was the but-for cause of her demotion and termination. Thus, Plaintiff has satisfied the third and final element of her retaliation claim.

Therefore, the undersigned finds that Plaintiff has sufficiently alleged facts in her complaint to support her claim of retaliation. Defendants' Motion to Dismiss (doc. #19) Plaintiff's Title VII retaliation claim against the Corporate Defendants should be denied.

### B. 42 U.S.C. § 1981

Last, Plaintiff alleges a claim against the Corporate Defendants under 42 U.S.C. § 1981 for national origin discrimination and retaliation. Defendants similarly argue that Plaintiff's claim should be dismissed because she does not allege that she is a member of a protected class and, further, does not plead sufficient facts to show other elements of her discrimination and retaliation claims. The undersigned, again accepting Plaintiff's factual allegations as true and giving Plaintiff's pleadings their most liberal construction, finds that the Plaintiff has pleaded a valid claim for national origin discrimination and retaliation under 42 U.S.C. § 1981 against the Corporate Defendants.

"The analysis of discrimination claims under 42 U.S.C. § 1981 is identical to the analysis of Title VII claims." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citing *Jones v. Robinson Prop. Grp. L.P.*, 427 F.3d 987, 992 (5th Cir. 2005)). As discussed *supra* § IV.A, Plaintiff has successfully alleged in her complaint all elements of

discrimination and retaliation under Title VII. Additionally, 42 U.S.C. § 1981 prohibits discrimination on the basis of national origin. *Chacko v. Texas A&M Univ.*, 960 F. Supp. 1180, 1190-91 (S.D. Tex. 1997) (holding that 42 U.S.C. § 1981 prohibits citizenship and national origin discrimination), *aff'd*, 149 F.3d 1175 (5th Cir. 1998).

Therefore, Plaintiff has properly alleged discrimination and retaliation claims under 42 U.S.C. § 1981 against the Corporate Defendants. Defendants' Motion to Dismiss (doc. #19) Plaintiff's 42 U.S.C. § 1981 claim against the Corporate Defendants should be denied.

**V.     Conclusion**

For the clarity of the parties, should the undersigned's recommendation as to Defendants' Motion to Dismiss (doc. #12) be adopted, the status of Plaintiff's claims would be as follows:

1. Plaintiff's Title VII claim against Matthew Rocco would be dismissed.

2. Plaintiff's 42 U.S.C. § 1981 claim against Matthew Rocco would conditionally survive, so long as Plaintiff files an amended complaint properly pleading a 42 U.S.C. § 1981 claim against him within fourteen (14) days of any order adopting this recommendation. Specifically, the amended complaint must allege facts showing that Rocco is "essentially the same" as his employer. However, if Plaintiff fails to submit an amended complaint properly pleading this claim, Plaintiff's 42 U.S.C. § 1981 claim against Rocco would be dismissed.

3. Plaintiff's Title VII claims against the Corporate Defendants for discrimination and retaliation would survive.

4. Plaintiff's 42 U.S.C. § 1981 claims against the Corporate Defendants for discrimination and retaliation would survive.

**VI.    Recommendation**

For the foregoing reasons, the undersigned recommends the following:

1. Defendants' Motion to Dismiss (doc. #12) Plaintiff's Title VII claim against Matthew Rocco should be **GRANTED**.

2. Defendants' Motion to Dismiss (doc. #12) Plaintiff's Title VII claim against the Corporate Defendants should be **DENIED**.

3. Defendants' Motion to Dismiss (doc. #12) Plaintiff's 42 U.S.C. § 1981 claim against the Corporate Defendants should be **DENIED**.

4. Defendants' Motion to Dismiss (doc. #12) Plaintiff's 42 U.S.C. § 1981 claim against Matthew Rocco should be **CONDITIONALLY DENIED**, subject to Plaintiff filing a proper amended complaint pleading a claim under 42 U.S.C. § 1981 against Rocco within fourteen (14) days of any order adopting this recommendation. If Plaintiff fails to file an amended complaint properly pleading this claim, Plaintiff's claim against Rocco under 42 U.S.C. § 1981 should be **DISMISSED**.

5. Plaintiff should be **GRANTED** leave to file an amended complaint pleading a claim under 42 U.S.C. § 1981 against Matthew Rocco within fourteen (14) days of any order adopting this recommendation. Plaintiff should amend her complaint to plead facts alleging that Rocco is "essentially the same" as his employer as instructed *supra* § III.B.I. Plaintiff may not amend her complaint to add new claims or additional parties. Amendments to the complaint that exceed the scope of this leave should be stricken.

**VII. Objections**

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 15th day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE