IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| VILMA MOLINA,<br>   *Plaintiff*,<br><br>   v.<br><br>ETECH GLOBAL SERVICES LLC, ETECH TEXAS LLC, ETECH INC., NACOGDOCHES CENTER LLC, and MATTHEW F. ROCCO,<br>   *Defendants*. | § § § § § § § § § § §   CIVIL ACTION NO. 9:21-CV-290-MJT-CLS |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR EXTENSION**

Plaintiff Vilma Molina brought this lawsuit alleging claims under Title VII and 42 U.S.C. § 1981 for employment discrimination and retaliation. The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. On November 15, 2022, the Magistrate Judge entered a Report and Recommendation [Dkt. 26] in which she recommended granting in part and denying in part Defendants' Motion to Dismiss [Dkt. 12] and granting Plaintiff leave to file an amended complaint.

  **I.** **The Report and Recommendation of the United States Magistrate Judge is adopted in full**

    A. <u>Defendants have not filed objections</u>

The Court received and considered the Report and Recommendation of the United States Magistrate Judge [Dkt. 26] pursuant to such referral, along with the record, pleadings, and all available evidence. Objections were due by November 29, 2022. To date, no objections to the report have been filed by Defendants.

B. <u>Any "objection" from Plaintiff is without merit</u>

On November 30, 2022, Plaintiff submitted a document titled "Amended and Supplemental Pleadings Per Rule 15(a)(2)." [Dkt. 33]. This document primarily acts as the amended complaint repleading Plaintiff's 42 U.S.C. § 1981 claim against Defendant Matthew Rocco that was recommended by the Magistrate Judge's Report and Recommendation [Dkt. 26]. The document could be broadly construed as containing an "objection" to the Report and Recommendation [Dkt. 26] as to the recommendation that Plaintiff's Title VII claim against Matthew Rocco be dismissed [Dkt. 33 at 1-2].

To the extent the document [Dkt. 33 at 1-2] is construed as an objection, the Court finds that the objection is without merit. As the Magistrate Judge correctly found:

> Plaintiff alleges a claim under Title VII against Matthew Rocco in his individual capacity. (Doc. #1 at ¶¶3, 9.) However, individual employees are not liable under Title VII. *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999); *Grant v. Lone Star Co*, 21 F.3d 649, 652 (5th Cir. 1994)). Therefore, Plaintiff has failed to state a claim under Title VII against Rocco. Plaintiff's Title VII claim against Rocco should be dismissed.

[Dkt. 26 at 3]. Therefore, to the extent it is necessary, Plaintiff's "objection" is overruled.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct. The Report and Recommendation of the United States Magistrate Judge [Dkt. 26] is ADOPTED.

## II. Plaintiff's Motion for Extension of Time [Dkt. 32] is denied as moot

A. <u>Plaintiff's amended complaint [Dkt. 33] is deemed submitted</u>

On November 29, 2022, Plaintiff filed a Motion for Extension of Time to File Amended Complaint. [Dkt. 32]. This motion is moot, as Plaintiff's amended complaint is not due until fourteen days after this order adopting the recommendation is entered. Nevertheless, Plaintiff has already submitted the amended complaint [Dkt. 33] recommended by the Report and

2

Recommendation [Dkt. 26] and ordered by this Order Adopting the Report and Recommendation of the United States Magistrate Judge. Therefore, Plaintiff's amended complaint pleading her 42 U.S.C. § 1981 claim against Matthew Rocco is **deemed submitted, and Plaintiff need not file an additional amended complaint** in response to this order. The Motion for Extension of Time [Dkt. 32] is DENIED as MOOT.

      B. <u>Plaintiff's amended complaint [Dkt. 33] properly states a claim under 42 U.S.C. § 1981 against Rocco</u>

The Court has reviewed Plaintiff's amended complaint [Dkt. 33] and finds that it properly states a claim against Matthew Rocco under 42 U.S.C. § 1981.[1]

An individual can be liable under 42 U.S.C. § 1981 if that individual is "essentially the same" as the employer. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003) (citing *Felton v. Polles*, 315 F.3d 470, 481 (5th Cir. 2002)). An individual is "essentially the same" as the employer if they exercise control over employment decisions or managerial authority over the plaintiff. *Williams v. City of Richardson*, No. 3:16-CV-2944-L-BK, 2018 WL 5885540, at *3 (N.D. Tex. Aug. 15, 2018) (citing *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 863 (N.D. Tex. 2008)), *R. & R. adopted*, No. 3:16-CV-2944-L, 2018 WL 4269088, at *1 (N.D. Tex. Sept. 7, 2018). Generally, the individual must also have been personally involved in the discriminatory activity to be considered "essentially the same" as the employer. *Miller*, 541 F. Supp. at 863 (quoting *Hicks v. IBM*, 44 F. Supp. 2d 593, 594 (S.D.N.Y. 1999)).

Proceeding *pro se*, Plaintiff's pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

---

[1] Defendants' Motion to Dismiss [Dkt. 12] Plaintiff's 42 U.S.C. § 1981 claim against Matthew Rocco was conditionally denied subject to Plaintiff filing an amended complaint *properly* pleading this claim.

Giving Plaintiff's amended complaint its most liberal construction and accepting Plaintiff's factual allegations as true, the Court finds that Plaintiff has pleaded sufficient facts to show that Rocco is "essentially the same" as her employer. Specifically, Plaintiff's amended complaint alleges the following: Rocco exercises control over employment decisions and has managerial authority over Plaintiff; employees involved in the alleged discrimination and harassment, including Veronica Chimney and Aaron Master, report directly to Rocco; Rocco is the "sole member" of the company and serves as its CEO and president; and Rocco "empowered" Chimney to demote and terminate Plaintiff. [Dkt. 33 at 2-3]. Therefore, Plaintiff's amended complaint [Dkt. 33] properly pleads a claim under 42 U.S.C. § 1981 against Rocco.

### III. Order

It is ORDERED that:

1. The Report and Recommendation of the United States Magistrate Judge [Dkt. 26] is ADOPTED. Plaintiff's objection is OVERRULED.

2. Defendants' Motion to Dismiss [Dkt. 12] Plaintiff's Title VII Claim against Defendant Matthew Rocco is GRANTED. This claim is DISMISSED.

3. Defendants' Motion to Dismiss [Dkt. 12] Plaintiff's Title VII claim against the Defendants Etech Global Services LLC, Etech Texas LLC, Etech Inc., Nacogdoches Center LLC ("Corporate Defendants") is DENIED.

4. Defendants' Motion to Dismiss [Dkt. 12] Plaintiff's 42 U.S.C. § 1981 claim against the Corporate Defendants is DENIED.

5. Defendants' Motion to Dismiss [Dkt. 12] Plaintiff's 42 U.S.C. § 1981 claim against Defendant Matthew Rocco is DENIED on the basis that Plaintiff has submitted an amended complaint [Dkt. 33] properly pleading this claim pursuant to the Report and

Recommendation of the United States Magistrate Judge recommending conditional denial of this claim and leave for Plaintiff to file an amended complaint [Dkt. 26 at 12].

6. Plaintiff's Motion for Extension of Time to File Amended Complaint [Dkt. 32] is DENIED as MOOT. Plaintiff's amended complaint [Dkt. 33] is deemed submitted.

**SIGNED this 9th day of December, 2022.**

*[signature]*

Michael J. Truncale
United States District Judge