IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| VILMA MOLINA, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  9:21-CV-290-MJT-CLS |
| | § | |
| ETECH GLOBAL SERVICES LLC, ETECH | § | |
| INC., NACOGDOCHES, CENTER LLC, and | § | |
| MATTHEW ROCCO, | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER OVERRULING
PLAINTIFFS' OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 154]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On February 15, 2024, Judge Stetson issued a 29-page Report and Recommendation [Dkt. 154] with the following conclusions and recommendations: (1) Defendants' Motion to Dismiss be DENIED in part and GRANTED in part;  (2) Defendants' request for a full dismissal with prejudice should be DENIED**;** (3) the Motion should be GRANTED to the extent that the court should dismiss Plaintiff's requests for back pay, front pay, loss of tuition benefits or loss of earning capacity, and (4) that Plaintiff's compensatory damages at trial be limited to past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses and punitive damages should she show herself entitled to such.

I.    **Plaintiffs' Objections to the Report and Recommendation are Overruled**

    A.  Legal Standard

On February 29, 2024, Plaintiff filed timely objections to the Report and Recommendation [Dkt. 158]. Defendants did not file objections to the Report and Recommendation. A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

    B.  Discussion

Although Plaintiff filed written objections in a timely manner, she fails to specifically identify the findings or recommendations to which she objects—including the place in the magistrate judge's report and recommendation where the disputed determination is found. [Dkt. 158]. Instead, in her 21-page Objections, Plaintiff merely restates arguments from her response to the Defendants' Motion to Dismiss, attaches copies of emails related to mediation, and screens shots of her email inbox. Plaintiff's objections are not discernable except to the degree that she disagrees with Judge Stetson's conclusion that Plaintiff has failed to properly engage in discovery. Nonetheless, the Court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation [Dkt. 154] to which Plaintiff has discernably objected.

Plaintiff claims that her failure to engage in discovery is due to misunderstandings on her part, and errors of others such as Defense Counsel, the United States Post Office and Mediator Judge Hawthorn.  Plaintiff's complaints relate to the period of May, 2023, to October, 2023, and involve a failed mediation, allegedly unreceived discovery and a series of unfortunate events befalling the Plaintiff.  Other than pointing to the alleged mistakes of others, Plaintiff fails to address, for example, Judge Stetson's painstakingly detailed account of her efforts to force Plaintiff to comply with her obligation to provide appropriate damage calculations to the Defendants.  She fails to explain why she told the court that she would comply in November, 2022, but did not do so; why she deliberately ignored the court's oral and written order to provide the disclosures in April, 2023, but then in October, 2023, claims she simply didn't understand.  This Court does not believe that Plaintiff is so unintelligent as to not understand that she needed to comply with Rule 26 regarding her damage calculations.

Moreover, in the face of Judge Stetson's repeated overruling of her objections to the production of her tax returns and educational records, Plaintiff continued her refusal to comply and even now in her objections, continues to claim that the information is irrelevant.  The record is clear that Judge Stetson has repeatedly addressed Plaintiff's objection that her tax returns and educational records are irrelevant to the claims here.  It is equally clear that Judge Stetson has repeatedly overruled these objections and made clear to Plaintiff why the information is relevant. Plaintiff's intentional refusal to adhere to the order of the court to turn over the requested documents or sign appropriate authorizations lead Judge Stetson to the only logical conclusion that Plaintiff be sanctioned.  Moreover, Judge Stetson appropriately chose the least punitive sanction available that addressed Plaintiff's intentional, contemptuous conduct.

## II.    Conclusion and Order

The Court has conducted a *de novo* review of Plaintiffs' objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, Plaintiff's objections [Dkt. 158] are OVERRULED.  The Report and Recommendation of the United States Magistrate Judge [Dkt. 154] is ADOPTED.  Defendants' Motion to Dismiss is DENIED in part and GRANTED in part.  Defendants' request for a full dismissal with prejudice is DENIED.  The Motion is GRANTED to the extent that the court dismisses Plaintiff's requests for back pay, front pay, loss of tuition benefits or loss of earning capacity and ORDERSs that Plaintiff's compensatory damages at trial be limited to past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses and punitive damages should she show herself entitled to such.

**SIGNED this 11th day of March, 2024.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge