IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| VILMA MOLINA,<br>　　　　*Plaintiff*,<br><br>v.<br><br>ETECH GLOBAL SERVICES LLC, ETECH INC., NACOGDOCHES, CENTER LLC, and MATTHEW ROCCO,<br>　　　　*Defendants*. | § § § § § § § § § § § CIVIL ACTION NO. 9:21-CV-290-MJT-CLS |

**REPORT AND RECOMMENDATION ON**
**<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. #168)</u>**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

Before the court is Defendants' Motion for Summary Judgment (doc. #168) filed May 16, 2024. In their motion, Defendants seek an order dismissing the Plaintiff's case alleging that Plaintiff cannot establish a genuine dispute of material fact as to her national origin and race[1] discrimination claims or her retaliation claims. Plaintiff has not filed a response and the time to do so has passed. Instead, Plaintiff has filed a document entitled Opposition to Summary Judgment, which is yet another request to extend the discovery deadline.[2] (Doc. #176.) The motion for summary judgment is ripe for review.

---

[1] Plaintiff has not asserted a claim of race discrimination. While in her EEOC charge, Plaintiff checked the box for race discrimination, in neither her original complaint nor her amended complaint does she claim she was discriminated based on her race. (Docs. #1, #33.)

[2] Plaintiff has emailed the court and filed a notice advising that her key fob prevented her from filing some undescribed amendment on June 12, 2024 (docs. #178, #179) and that food poisoning prevented her from filing undescribed

I.      **Procedural Background**

Plaintiff filed suit on November 24, 2021, asserting claims of discrimination based on national origin and retaliation under Title VII and claims under 42 U.S.C. §1981a,[3] (doc. #1 at 3), against her former employer, Etech, and against Matthew Rocco, one of Etech's managers. After service of the summonses, Defendants filed a motion to dismiss under Rule 12(b)(6) on June 2, 2022. (Doc. #12.)

Also on June 2, 2022, Plaintiff filed a motion requesting permission to electronically file case documents. (Doc. #14.) This motion was granted on June 7, 2022. (Doc. #16.) On July 5, 2022, Plaintiff requested an extension of time to file her response to the motion to dismiss asserting she was having difficulty using and accessing CM/ECF. (Doc. #18.) The following day, Plaintiff filed her response. (Doc. #19.) The court granted Plaintiff's motion for an extension and deemed her response (doc. #19) timely filed.

The court issued its Order Setting Rule 16 Management Conference and scheduled the conference for November 15, 2022. The Order required the parties to complete their required initial mandatory disclosures by October 31, 2022, and file a joint Rule 26(f) report on or before November 7, 2022. (Doc. #20.) Defendants filed the Report of Rule 26(f) Planning Meeting on November 7, 2022. (Doc. #24.) The following day, Plaintiff filed a motion to extend the time to file the Rule 26(f) report claiming that a medical condition prevented her from being able to complete the Report timely. (Doc. #25.)

On November 15, 2022, the undersigned issued a Report and Recommendation on Defendants' motion to dismiss, granting in part and denying in part, the motion. (Doc. #26.) In

---

motions in the middle of June. (Doc. #180.) In her notice, Plaintiff indicated she would be filing her "motions" by June 21, 2024. As of today's date, no "amendment", "motions" or response to the motion for summary judgment have been filed.

[3] 42 U.S.C. §1981 is the appropriate citation.

the Report, the undersigned recommended that the motion to dismiss claims against Etech be denied, that the claims against Matthew Rocco under Title VII be dismissed and that Plaintiff be given 14 days after adoption of the Report and Recommendation to file an amended pleading to state a proper claim under 42 U.S.C. §1981 against Matthew Rocco.

On that same day, November 15, 2022, the parties appeared for their Rule 16 management conference. The conference was held in the courtroom and on the record. During the management conference, Plaintiff explained her difficulties in filing electronically and requested that her permission to file electronically be terminated. The court granted this request and issued an order vacating Plaintiff's request to file electronically and ordered that Plaintiff was to submit all future court filings by mail and serve Defendants by mail. (Doc. #28.) At the Rule 16 conference, the court was made aware that Plaintiff had not yet provided her initial disclosures. The court extended her deadline to do so until November 22, 2022. (Doc. #29.)

On December 9, 2022, the district court entered an order adopting the undersigned's Report and Recommendation on Defendants' first Motion to Dismiss. (Doc. #35.) Plaintiff filed her amended complaint on November 30, 2022. (Doc. #33.) Pending claims were then Plaintiff's claims under Title VII and 42 U.S.C. § 1981 for national origin and retaliation against Etech and claims against Matthew Rocco under 42 U.S.C. § 1981.

On March 11, 2024, the district court dismissed Plaintiff's claims for back pay, front pay, loss of tuition benefits and loss of earning capacity because of Plaintiff's repeated and contemptuous refusals to engage in relevant discovery[4]. (Doc. #160.)

---

[4] A detailed explanation of Plaintiff's engagement in discovery abuse can be found in doc. # 154, Report and Recommendation on Defendants' Motion to Dismiss.

3

## II. Legal Standard

Defendants seek dismissal for Plaintiff's claims asserting that she cannot establish a genuine dispute of material fact necessary for claims of national origin or race discrimination and that she cannot establish that she would not have been laid off and ultimately terminated but for her complaints about discrimination.

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden to identify the portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Rule 56); *Lemoine v. Wolfe*, 575 F. App'x. 449, 456 (5th Cir. 2014); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citations omitted). An issue is genuine if the evidence is sufficient for "a reasonable jury to return a verdict for the non-moving party." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986)). A fact is material when it is relevant or necessary to the ultimate conclusion of the case. *Anderson,* 477 U.S. at 248. The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 544 (5th Cir. 2005) (quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).

Once the moving party has carried its burden of demonstrating the absence of a genuine dispute of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *In re Heritage Consol., L.L.C.*, 765 F.3d 507, 510 (5th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986)). The court must consider all the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. However, the non-movant may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Tex., P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Moreover, mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise way that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Federal Rule of Civil Procedure 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *See also* FED. R. CIV. P. 56. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Although in this instance, the Plaintiff has failed to respond to the Defendants' motion for summary judgment, this fact alone does not entitled Defendants to summary judgment. *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir.1988). Rather, in the absence of a response, the court may receive the movant's evidence as undisputed, and may enter judgment in the movant's favor

if the summary judgment evidence establishes a prima facie showing of the movant's entitlement to judgment. *Id.*

### B. Plaintiff's Causes of Action

#### i. Discrimination under Title VII

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees based on race, sex, color, religion, or national origin. *See* 42 U.S.C. § 2000e-3(a). A plaintiff may prove discrimination by direct or circumstantial evidence. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). "Direct evidence proves intentional discrimination without inference or presumption when believed by the trier of fact." *Jones v. Overnite Transp. Co.*, 212 F. App'x. 268, 272 (5th Cir. 2006) (citing *Sandstad v. CB Richard Ellis, Inc*., 309 F.3d 893, 897 (5th Cir. 2002)). Where a plaintiff presents no direct evidence of discrimination, courts are to analyze Title VII discrimination allegations under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 120-22 (1985).

Under the *McDonnell-Douglas* burden shifting framework for Title VII and 42 U.S.C. § 1981 discrimination claims, the plaintiff bears the initial burden of setting forth a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. Under the framework, "[e]stablishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

An employee establishes a prima facie case if she can show that he "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Bryan v.*

*McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). The nature of the evidence required to establish a prima facie case will differ depending on the specific facts and allegations in the case. *McDonnell Douglas*, 411 U.S. at 802 n. 13. As to the "similarly situated employee" element, the employee claiming discrimination must show that she was treated less favorably than others "under nearly identical circumstances." *Willis v. Cleco Corp.*, 749 F.3d 314, 320 (5th Cir. 2014) (citing *Lee v. Kan. City S. Ry.*, 574 F.3d 253, 259–60 (5th Cir. 2009)). "Nearly identical circumstances" exist when "the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee*, 574 F.3d at 260.

If the plaintiff succeeds in establishing a prima facie case of discrimination, the burden shifts to the employer to "articulate a legitimate non-discriminatory reason for the adverse employment action." *Id.* (citing *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009)). "The employer's burden is only one of production, not persuasion, and involves no credibility assessment." *McCoy v. City of Shreveport*, 492 F.3d at 557. Finally, if the employer is successful in meeting this burden, the "inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial (or national origin) discrimination." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004).

### ii.     Discrimination under 42 U.S.C. §1981

Like Title VII 42 U.S.C. § 1981 also prohibits employment discrimination based on national origin. *Johnson v. Ry. Express Agency*, 421 U.S. 454, 459 (1975); *Chacko v. Tex. A&M Univ.*, 960 F. Supp 1180, 1190-91 (S.D. Tex. 1997). Specifically, § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce

contracts ... as is enjoyed by white citizens." 42 U.S.C. §1981(a). Claims of discrimination brought under § 1981 are governed by the same framework applied to claims of employment discrimination brought under Title VII. *See Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir.1997) (*citing LaPierre v. Benson Nissan, Inc*., 86 F.3d 444, 448 n. 2 (5th Cir.1996)). Although the analysis is the same, contractual discrimination claims under § 1981 require the plaintiff to show: (1) that she is a member of a racial minority or different national origin; (2) that defendant intended to discriminate on the basis of race or national origin; and (3) that discrimination concerned termination of an employment contract. *Shiyan Jiang v. Tex. Comm'n on Env't Quality*, 321 F. Supp. 3d 738, 750 (W.D. Tex. 2018) (citing *Body by Cook, Inc. v. St. Farm Mut. Auto. Ins.*, 869 F.3d 381, 386)); *Perry v. VHS San Antonio Partners, LLC*, 990 F.3d 918, 931 (5th Cir. 2021); *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997).

### iii. Retaliation claims

Title VII and 42 U.S.C. § 1981 make it unlawful for an employer to retaliate against an individual for opposing discrimination or otherwise participating in activity protected by the statute. *Rogers v. City of Baton Rouge*, No. CV 14-170-RLB, 2016 WL 4035328, at *3 (M.D. La. July 25, 2016) (citing 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d)). Title VII and § 1981 utilize the *McDonnell Douglas* burden-shifting proof structure for retaliation, set forth *supra*. *See id. See also Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 167 (5th Cir.1999) (citing *McDonnell Douglas*, 411 U.S. at 802). To establish a claim for retaliation, a plaintiff must demonstrate that (1) she engaged in a protected activity under Title VII, (2) the employer took an adverse employment action against her, and (3) there was a causal connection between the protected activity and the adverse action. *See Burlington N. & Santa Fe Ry v. White*, 548 U.S. 53, 60-61 (2006); *Mato v. Baldauf*, 267 F.3d 444, 450 (5th Cir.), cert denied, 536 U.S. 922 (2002);

*Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001); *LeMaire v. State of La.,* 480 F.3d 383, 388 (5th Cir 2007)). In *Burlington Northern*, the Supreme Court clarified that for purposes of Title VII, an "adverse employment action" is defined differently in the retaliation context than it is in the discrimination context. *Burlington Northern*, 548 U.S. at 68. In the retaliation context, it is an action that "a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id*. (internal quotations omitted).

### III. Analysis and Discussion

#### A. Undisputed Facts.

In their motion for summary judgment Defendants provide evidence through documents and an affidavit of the facts set forth below.

Plaintiff's employment as an online chat representative trainee with Etech began on March 25, 2019. (Doc. #168-1 at ¶4.) An online chat representative handles multiple chats concurrently, alternating and responding to each chat within appropriate time frames. (*Id.*)

In March 2019, Etech did not yet participate in E-Verify. (Doc. #168-1 ¶5.) Instead, Plaintiff submitted a Form I-9 to Human Resources ("HR"). (Doc. #168-1 ¶5, Ex. B.) The HR Manager met privately with Plaintiff to confirm whether her driver's license and social security expiration dates recorded in the I-9 form were correct. (Doc. #168-1 ¶5.) The HR representative did not mention or otherwise indicate Plaintiff's citizenship or national origin to Plaintiff's peers and supervisors. (Doc. #168-1 ¶5.)

During April 2019, Plaintiff practiced handling customer service chats under the supervision of the Trainer. (Doc. #168-1 ¶6.) Plaintiff received feedback from the Trainer as part of the training process. (*Id.*) On multiple occasions, Plaintiff questioned the Trainer's feedback

9

and disagreed with the Trainer's observations and recommendations. (*Id.*)  Peers and supervisors found Plaintiff's behavior increasingly disruptive and disrespectful.  (*Id.*)

Plaintiff emailed HR on April 26, 2019 alleging disparate treatment by her supervisor based on her national origin, citizenship status, immigration and age status. (Doc. #168-1 ¶7, Ex. C). In her email, Plaintiff mentioned a litany of incidents in which she felt "gaslighted." (*Id.*)  In addition, she states "[o]n April 12, 2019 Lydia asked me in front of the class where I was from… I felt she was questioning my authorization to work in the U.S. thereby discriminating against my immigration status, citizenship status, and national origin." (Doc. #168-1, Ex. C.)  When HR met with Plaintiff to discuss her concerns, Plaintiff complained that she felt her trainer taught her "differently" from the rest of the class. (Doc. #168-1 ¶7, Ex. D.) During the in-person HR meeting, Plaintiff made no allegation of discrimination based on a protected characteristic.  (Doc. #168-1 ¶7, Ex. D.)

On May 1, 2019, Plaintiff affirmed her performance expectations with Manager Aaron Masten (Doc. #168-1 ¶8, Ex. E.) Plaintiff signed a document acknowledging that she was expected to meet or exceed goals and expectations and further that she "will be receptive to coaching and development and work as a team player." (Doc. #168-1 ¶8, Ex. E.)  Because Plaintiff had not met her training goals, Etech offered her additional training. (Doc. #168-1 ¶9, Ex. F.)  When sales coaches and leaders worked with Plaintiff to develop her customer service skills, she became argumentative and threatened to report them to HR. (Doc. #168-1 ¶9, Ex. G.)  Her behavior and threats created a negative and fearful environment among the supervisors trying to provide training and coaching. (Doc. #168-1 at 3, ¶9, 27-35; Ex. H).

On May 29, 2019, Plaintiff told HR Chief Veronica Chimney ("Chimney") that her performance was suffering because she was not properly trained.  (Doc. #168-1 ¶10, Ex. I.)

10

Because her work performance was lacking and she requested additional training, Etech transitioned Plaintiff back to Training on June 2, 2019. (Doc. #168-1 ¶10.) Her payrate remained the same at $12.50/hour. (Doc. #168-1 ¶10.) By June 4, 2019, Plaintiff's training classmates became frustrated with her disruptive outbursts and questions during classes. (Doc. #168-1 ¶10, Ex. J.) The Training Supervisor and Training Leader verbally counseled Plaintiff on her disruptive behavior. (Doc. #168-1 ¶10, Ex. K.) Plaintiff continued her confrontational and disruptive behavior during class on June 7, 2019. (*Id.*) On June 7, 2019, Etech suspended Plaintiff while HR investigated the multiple complaints about her conduct. (Doc. #168-1 ¶11, Ex. L, Ex. M.)

Based upon its investigation, Etech concluded that Plaintiff's performance and behavior issues necessitated removal from the trainee program. (Doc. #168-1 ¶11.) Etech placed Ms. Plaintiff in lay off status effective June 20, 2019. (Doc. #168-1 ¶11, Ex. N.) Etech searched for an alternative position for Molina. (Doc. #168-1 ¶11.) When Etech offered Plaintiff a different position, she declined the offer because she disliked the schedule. (Doc. #168-1 ¶12.)

As indicated above, Plaintiff has not responded to Defendants' Motion for Summary Judgment. She has not offered any evidence disputing the facts laid out in Defendant's motion which are support by an affidavit and business records. The failure to oppose the motion in the manner prescribed in the Local Rules creates a presumption that the Plaintiff does not controvert the facts set out by the Defendant and has no evidence to offer in opposition to the motion. E.D. TEX. LOC. R CV-7(d). The undersigned construes these facts as undisputed.

### B. Plaintiff cannot overcome her burden to establish a genuine issue of material fact as to Title VII and 42 U.S.C. §1981 claims of discrimination based on national origin.

Here, the Defendants assert that Plaintiff cannot meet her burden to establish a prima facie case of discrimination as she cannot meet element number (4)—the identification of similarly

11

situated employes outside her protected claims that were treated more favorably or that she was replaced by someone outside of her protected class. Defendants are correct. Other than her generalized complaints that she did not receive proper training, Plaintiff has not identified similarly situated persons outside her protected class who received more favorable treatment. The Fifth Circuit has held that "similarly situated" means showing that someone under nearly identical circumstances was treated differently. *Willis v. Cleco Corp.*, 749 F.3d 314, 320 (5th Cir. 2014) (citing *Lee v. Kan. City S. Ry.*, 574 F.3d 253, 259-60 (5th Cir. 2009)). Plaintiff has not identified anyone with her documented performance and behavior issues who was treated differently either in the training they received or who was not terminated for the same issues.

Even if Plaintiff could establish a prima facie case of discrimination, Plaintiff cannot overcome Etech's legitimate non-discriminatory basis for terminating Plaintiff. The record is replete with evidence that Plaintiff was an argumentative, constantly disgruntled, complaining, and accusatory employee. (Doc. #168-1 Exs. D, F, G, H, J, K, L and M.) Plaintiff refused to accept training assistance or feedback, instead responding with threatening and unproductive behavior. (*Id.*) The record is also clear that Plaintiff could simply not do the job she was hired to do. (*Id.*) Given this performance history there is no genuine issue of material fact as to whether Etech had a legitimate non-discriminatory reason to lay-off or terminate Plaintiff.

Finally and perhaps most fatal, Plaintiff cannot establish a genuine issue of material fact rebutting Etech's proffered legitimate nondiscriminatory reason for her termination. There is no evidence, other than Plaintiff's speculative conclusions, that the Defendants made *any* employment decisions regarding Plaintiff because of her national origin. And while the court is required to view all evidence in the light most favorable to the non-movant, here the Plaintiff, she still cannot carry her burden. In the entire summary judgment record before the court, the undersigned cannot

locate a single genuine issue of material fact that any decision made by Etech was motivated by Plaintiff's national origin. In all Plaintiff's complaints to Etech about alleged discrimination, she only mentions one specific instance of discriminatory conduct—that of Lydia asking her where she was from. (Doc. #168-1; Ex. C.) Other than that instance, she offers only conclusory and wholly unsupported statements that she suffered discrimination.

Moreover, Lydia's statement of "where are you from" doesn't implicate any discriminatory motive just a curiosity of where Ms. Molina has lived in the past. Such innocuous statements are not evidence of discriminatory intent and Plaintiff's supposition that it does is not sufficient. Mere speculation, conclusory beliefs, or unsubstantiated assertions are not sufficient to establish that an employee was discriminated against. *Grimes v. Tex. Dept. of Mental Health & Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir.1996) ("Needless to say, unsubstantiated assertions are not competent summary judgment evidence."). "An employee's self-serving generalized testimony stating her subjective belief that discrimination occurred 'is simply insufficient to support a jury verdict in [a] plaintiff's favor.'" *Id.* at 140 (citing *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir.1994)).

In sum, Plaintiff cannot meet her burden to establish discrimination based on national origin under the *McDonnell-Douglas* burden-shifting framework. Defendants are entitled to summary judgment on the Title VII and § 1981 claims of discrimination.

### C. Plaintiff cannot overcome her burden to establish a genuine issue of material fact as to retaliation under Title VII.

Plaintiff's claims for retaliation also cannot survive summary judgment. Assuming *arguendo* that Plaintiff had established that she engaged in a protected activity and that Etech took a materially adverse action against her which was causally linked to the protected activity, Plaintiff

still cannot show that the Etech's proffered legitimate nondiscriminatory reason for terminating her was a pretext for discriminatory intent.

As set forth above, Plaintiff has provided no evidence other than her own suspicions that Defendants' actions towards her were the result of her claims of discrimination. Instead the record is awash with evidence that Etech was motivated by Plaintiff's repeated and continuous refusals to receive feedback or training, her argumentative and accusatory demeanor and her complete inability to work with any of her fellow employees, trainers or supervisors. (Doc. #168-1 Exs. D, F, G, H, J, K, L and M.) There are no genuine issues of material facts as to Plaintiff's claim for retaliation and Defendants are entitled to judgment as a matter of law.

### IV. Recommendation

The undersigned hereby recommends that the Defendants' Motion for Summary Judgment (doc. #168) be **GRANTED** and that Plaintiff's claims against Defendants be **DISMISSED** with prejudice.

### V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, objections are limited to **eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 28th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE