IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| VILMA MOLINA,<br>    *Plaintiff*,<br><br>        v.<br><br>ETECH GLOBAL SERVICES LLC,<br>ETECH, INC., NACOGDOCHES CENTER<br>LLC, and MATTHEW ROCCO,<br>    *Defendants*. | §<br>§<br>§<br>§   CIVIL ACTION NO.  9:21-CV-290-MJT-CLS<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM ORDER OVERRULING
PLAINTIFF'S OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 183]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

Plaintiff, proceeding *pro se*, filed suit on November 24, 2021, alleging Defendants discriminated and retaliated against her in connection with her employment in violation of Title VII and §1981 [Dkts. 1, 33].  After the close of discovery, Defendants filed a motion for summary judgment on May 16, 2024 [Dkt. 168].  In their motion, they asserted that Plaintiff could not establish a genuine dispute of material fact as to any of her claims. [Dkt. 168].  Plaintiff did not file a response to the motion for summary judgment addressing the merits of the motion.  Instead, Plaintiff filed multiple requests to extend discovery [Dkts. 169, 176] and a motion complaining about the date on which Plaintiff was served with the motion for summary judgment [Dkt. 174]. Each request to reopen or extend discovery was denied by the magistrate judge as Plaintiff had not

established good cause to continue or re-open discovery [Dkt. 171, 182]. The magistrate judge addressed Plaintiff's complaint about the date she was served the motion for summary judgment and issued an order determining the response date to be June 10, 2024 [Dkt. 177]. Despite the clear direction from the magistrate judge as to when a response was due, Plaintiff, as noted above, did not file a response.

After waiting more than two weeks after a response to the motion for summary judgment was due, Judge Stetson entered a Report and Recommendation [Dkt. 183] advising the Court to grant the Defendant's motion for summary judgment. Judge Stetson's Report and Recommendation was not based solely on the fact that Plaintiff failed to respond to the motion, but instead, included an analysis of the evidence submitted by the Defendants considering the elements of Plaintiff's causes of action for discrimination and retaliation.

The clerk's office sent the Report and Recommendation to the Plaintiff by certified and regular mail on July 1, 2024. On July 12, 2024, Plaintiff emailed the court and advised that she saw on Pacer that a Report and Recommendation had been issued, but that she had not yet received a copy of it. The Clerk's office noted in the docket that on that same day, July 12, 2024, Plaintiff came to the Lufkin Clerk's office and requested a copy of the Report and Recommendation, and one was provided to her. Considering Plaintiff's email, Judge Stetson set a telephone status conference for July 18, 2024. At the status conference, Judge Stetson asked Plaintiff to advise by what date she would like to submit any objections she might have to the Report and Recommendation. Plaintiff selected July 31, 2024. Judge Stetson reminded Plaintiff that she was free to hand-deliver her objections to the clerk's office, or she could mail them so long as they were post-marked by the due date. Judge Stetson issued a written order on July 18, 2024

confirming that Plaintiff had until July 31, 2024 to file in person or by mail, objections to the Report and Recommendation [Dkt. 188].

On July 31, 2024, Plaintiff emailed the Court advising that she would not be filing her objections on July 31, 2024, but instead on August 1, 2024 because in her view, a person who files electronically has until midnight of the filing day, but since she files in person and the clerk's office closes at 5 pm she should have until August 1, 2024.  On August 1, 2024, Plaintiff again emailed the court explaining that she had car trouble on her way to the Lufkin courthouse [Dkt. 190, 191].  On Friday August 2, 2024 at 4:34 pm Plaintiff emailed the Court and claimed a migraine prohibited her from coming to the courthouse and that she would file "her motion" on Monday, August 5, 2024.

On Monday August 5, 2024 after no objections were received, the Court entered a Memorandum Order Adopting the Report and Recommendation of the Magistrate Judge and a Final Judgment dismissing Plaintiff's claims with prejudice.  On August 6, 2024, Plaintiff filed her objections to the Report and Recommendation.

As noted in the original Memorandum Order [Dkt. 192], the record in this case is replete with Plaintiff's excuses for her failure to meet deadlines and/or participate in the discovery process. Excuses to date include things such as: shower ceiling tile fell, rain on the road, oversleeping, loss of wallet, traffic, food poisoning, car trouble and migraines.  And while the Court does not appreciate Plaintiff's repeated and continuous delay in this case, for purposes of a clear record, the Court vacated its previous Memorandum Order and Final Judgment to address Plaintiff's Objections [Dkt. 197].

Plaintiff generally objects to the Report and Recommendation, claiming that she can establish a genuine dispute of material fact as to her claims. Plaintiff's assertion of facts or

3

evidence in her objections, however, cannot now raise genuine disputes of material fact. Furthermore, because Plaintiff did not respond to the Defendants' motion, Plaintiff cannot identify a genuine dispute of material fact anywhere in the summary judgment record. Critically, Plaintiff provides no excuse or explanation for why she failed to file a proper response to the Defendant's motion.

Plaintiff also argues that Defendant's evidence in support of their motion is not plausible, attempting to call into question the legitimate non-discriminatory reasons proffered by Defendants for their employment decisions. As Plaintiff did not submit any proper summary judgment contesting Defendants' evidence or object to Defendants' evidence at the time the motion was pending, the Court will not consider such arguments now. As to Plaintiff's specific objection that Defendants "do not have any evidence against the Plaintiff … from March 25, 2019 to May 31, 2019" or that "all the complaints against the Plaintiff were alleged discovered by Veronica Chimney after Plaintiff was terminated or suspended" [Dkt. 196 at 3], the summary judgment record shows this assertion to be untrue. The Defendants offered undisputed evidence of multiple complaints made by Etech employees about Plaintiff that predate May 31, 2019. [Dkt. 168-1, Exs. F, G, and H.]

Finally, Plaintiff complains about the accuracy of certain portions of her deposition, claiming for the first time that her court-reporter transcribed deposition is not accurate as to things such as her address, her previous address, the dates she took college courses, the last day of her previous employment, and answers to questions about her claims. Plaintiff does not explain how these alleged inaccuracies are related to the Report and Recommendation or that the Defendants relied on any of these portions of the deposition in support of its motion for summary judgment.

4

Even if the deposition was inaccurate as Plaintiff claims, the Court finds that said inaccuracies would not have resulted in any errors by Judge Stetson in her Report and Recommendation.

After a de novo review[1], the Court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct.  Plaintiff's Objections [Dkt. 196] are OVERRULED.  Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 183] is ADOPTED.  Defendants' Motion for Summary Judgment [Dkt. 168] is GRANTED and Plaintiff's claims are DISMISSED with prejudice.  A final judgment will be entered by the Court.

IT IS SO ORDERED.

**SIGNED this 13th day of August, 2024.**

Michael J. Truncale
United States District Judge

---

[1] Plaintiff is not entitled to a de novo review as she did not file her objections in a timely manner, but due to her *pro se* status, the Court performed a de novo review.